℀JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

PATRICIA EHRHARDT

**DEFENDANTS**

NCO FINANCIAL SYSTEMS, INC.

(b) County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☒ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus - Alien Detainee<br>☐ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S)

(See instructions):   JUDGE _____   DOCKET NUMBER _____

Explanation: _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 07/10/2012 | /s/ Craig Thor Kimmel |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| PATRICIA EHRHARDT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NCO FINANCIAL SYSTEMS, INC.. | : | NO. |
| | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )


| | | |
|---|---|---|
| 07/10/2012 | Craig Thor Kimmel | Plaintiff, Patricia Ehrhardt |
| Date | Attorney-at-law | Attorney for |
| | | |
| 215-540-8888 | 877-788-2864 | kimmel@creditlaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 49 Stevenson St., St. 1500, San Francisco, CA 94105

Address of Defendant: 507 Prudential Rd., Horsham, PA 19044

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))　Yes☐　No☑

Does this case involve multidistrict litigation possibilities?　Yes☐　No☑

*RELATED CASE, IF ANY:*

Case Number: _____　Judge _____　Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
　Yes☐　No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
　Yes☐　No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
　Yes☐　No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
　Yes☐　No☑

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases 15 U.S.C. § 1692
(Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Craig Thor Kimmel , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 07|10|12　/s/Craig Thor Kimmel　57100

　　　　　　　　　　　Attorney-at-Law　　　　　　　Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 07|10|12　/s/Craig Thor Kimmel　57100

　　　　　　　　　　　Attorney-at-Law　　　　　　　Attorney I.D.#

CIV. 609 (6/08)

## UNITED STATES DISTRICT COURT
### FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

PATRICIA EHRHARDT,                          )
                                            )
      Plaintiff                         )
                                            )
v.                                          )   **Case No.:**
                                            )
NCO FINANCIAL SYSTEMS, INC.,                )   **COMPLAINT AND DEMAND FOR**
                                            )   **JURY TRIAL**
                                            )
      Defendant                         )   **(Unlawful Debt Collection Practices)**

### COMPLAINT

PATRICIA EHRHARDT ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

### INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant has its corporate headquarters in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

1

**PARTIES**

5.      Plaintiff is a natural person residing in San Francisco, California 94105.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.      In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.      Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road, Horsham, Pennsylvania 19044.

9.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11.     At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

12.     Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

13.     Upon information and belief, the debt Defendant was seeking to collect arose out of transactions that were primarily for personal, family, or household purposes.

14.     Beginning in July 2011, and continuing through January 2012, Defendant continuously and repeatedly contacted Plaintiff on her cellular and work telephones seeking and demanding payment of an alleged debt.

2

15.     Initially, Defendant contacted Plaintiff on her cellular and work telephones, on average, three (3) to five (5) times a day, leaving her pre-recorded voicemail messages.

16.     When Plaintiff did not respond to Defendant's repeated collection calls, Defendant increased its frequency of collection calls to Plaintiff, placing calls almost every hour, on a daily basis, to both her cellular and work telephones for a two week period.

17.     For example, Defendant would alternate its calls to Plaintiff every hour, first calling her cellular telephone, then an hour later calling her work telephone.

18.     In its pre-recorded voicemail messages to Plaintiff, Defendant informed Plaintiff that it was urgent and that she needed to call back immediately, leaving a number to return the call.

19.     However, when Plaintiff would return Defendant's call she would either get a "busy" signal or a recording to "hold for a representative."

20.     Plaintiff was unable to speak with a live person or to obtain information about the alleged debt Defendant was seeking to collect.

21.     Also, Defendant left messages claiming that it was a law office and providing Plaintiff with a phone number to return its call.

22.     Believing that this was a serious matter, Plaintiff returned the call hoping that the "law office" would be able to provide her with information about the alleged debt.

23.     However, when Plaintiff called the number, Defendant answered the phone and immediately hung up.

24.     On one occasion, while Plaintiff was at work, she answered Defendant's telephone call and was connected to a live person, who identified himself as "Brent."

25.     Plaintiff informed Defendant that she was at work and she was not allowed to

3

1 | receive personal calls at work.

2 |     26.    Plaintiff instructed Defendant to stop calling her at work.

3 |     27.    "Brent" placed Plaintiff on hold, and less than a minute later, he disconnected the
4 | phone call.

5 |     28.    Defendant ignored Plaintiff's instructions and continued to cal her at work.

6 |     29.    In addition, Defendant also contacted Plaintiff's co-workers about the alleged
7 | debt.
8 |
9 |     30.    Specifically, Defendant contacted "Judy Meredith," a co-worker of Plaintiff's
10 | located at another branch office.

11 |     31.    In its telephone conversation with "Judy Meredith," Defendant revealed to Ms.
12 | Meredith that Plaintiff owed a debt and left a number for Plaintiff to call.

13 |     32.    It was embarrassing and humiliating to Plaintiff to have her co-workers learn
14 | about her debt.

15 |     33.    At no time did Plaintiff authorize Defendant to reveal any debt information to
16 | any third party, including Ms. Meredith.

17 |     34.    Finally, within five (5) days of its initial contact with Plaintiff, Defendant failed
18 | to send Plaintiff any written notification informing her of her rights to dispute the debt and/or
19 | request verification of the alleged debt.
20 |
21 |     35.    As a result, Plaintiff was unaware of the amount of the debt, the name of the
22 | creditor, and her rights to dispute the debt and/or request verification of the debt.

23 |     36.    Upon information and belief, Defendant contacted Plaintiff on a repetitive and
24 | continuous basis with the intent of harassing Plaintiff into paying this debt.

25 |

4

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

37.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692c(a)(1) and 1692c(b).

    a.  A debt collector violates §1692c(a)(1) of the FDCPA by communicating with a consumer at an unusual time or place or a time or place known or which should be known to be inconvenient.

    b.  A debt collector violates §1692c(b) of the FDCPA by communicating, in connection with the collection of a debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, without the prior consumer of the consumer given directly to the debt collector.

    c.  Here, Defendant violated §1692c(a)(1) of the FDCPA when it continuously and repetitively contacted Plaintiff at work even Plaintiff informed Defendant that it was an inconvenient place to call her and that she was not permitted to receive personal calls at work.

    d.  Also, Defendant violated §1692c(b) of the FDCPA when it communicated, in connection with the collection of a debt, with Plaintiff's colleague, "Judy Meredith" and disclose to Ms. Meredith that Plaintiff owed a debt, without having received Plaintiff's permission to do so.

5

**COUNT II**

38.     Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

    a.   A debt collector violates §1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b.   A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

    c.   Here, Defendant violated §§1692d and 1692d(5) by continuously calling Plaintiff's cellular and work telephones on an average three (3) to five (5) times a day, in addition to leaving automated voicemails on her cellular and work telephones, with the intent to annoy, abuse, and harass Plaintiff.

**COUNT III**

39.     Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692e and 1692e(3) of the FDCPA.

    a.   A debt collector violates §1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

    b.   A debt collector violates §1692e(3) of the FDCPA by falsely representing or implying that he is an attorney or that any communication is from an attorney.

    c.   Here, Defendant violated §1692e(3) by stating to Plaintiff that it was calling

6

from a law office in attempts to collect payment for the alleged debt.

**COUNT IV**

40.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692f of the FDCPA.

    a.    A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b.    Here, Defendant violated §1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including placing Plaintiff on hold, only to hang up on her and calling her every hour during the day in a two-week period.

**COUNT V**

41.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a) of the FDCPA.

    a.    A debt collector violates §1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such

7

verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b.   Here, Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt.

WHEREFORE, Plaintiff, PATRICIA EHRHARDT, respectfully prays for a judgment as follows:

    a.   All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.   Any other relief deemed appropriate by this Honorable Court.

**<u>DEMAND FOR JURY TRIAL</u>**

PLEASE TAKE NOTICE that Plaintiff, PATRICIA EHRHARDT, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

1

RESPECTFULLY SUBMITTED,

2

3      Date: _07/10/2012_____          By:  _/s/ Craig Thor Kimmel_____

4                                                CRAIG THOR KIMMEL
                                                 Attorney ID No. 57100
5                                                Kimmel & Silverman, P.C.
                                                 30 E. Butler Pike
6                                                Ambler, PA 19002
                                                 Phone: (215) 540-8888
7                                                Fax: (877) 788-2864
                                                 Email:    kimmel@creditlaw.com
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

9